## VAN RENSSELAER v. BULL et al.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

MORTGAGE FORECLOSURE—RIGHTS OF PURCHASER—TITLE ACQUIRED.

A mortgage described the land conveyed therein by metes and bounds, one of which was a certain creek, and added: "Together with all the right, title, and interest of said parties of the first part in and to the land in said creek lying in front of and adjoining said premises, to the middle line of said creek." The judgment of foreclosure followed the language of the mortgage, as did also the terms of sale read at the foreclosure sale at which the land in the creek was purchased by appellants. *Held,* that they were chargeable with notice that all they were to get was the "right, title, and interest" of the mortgagor, and that they should not be relieved from their purchase because of a defect of title.

Appeal from special term, New York county.

Action by Maunsell Van Rensselaer against Edward S. Bull and others to foreclose a mortgage. A motion was made by Thomas C. Higgins and William C. Lester to set aside certain sales to them by the referee under the decree of foreclosure, and to be relieved from their purchase; and from an order denying such motion, and requiring them to complete their purchase, they appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Fred E. Fishel,* (*Eugene L. Bushe,* of counsel,) for appellants. *James E. Chandler* and *Robert P. Harlow,* for defendant Bull. *John Alex. Beall,* for plaintiff, (respondent.) *Addison Atwater,* for referee.

ANDREWS, J. This action was brought to foreclose a mortgage. There was a decree of foreclosure, and a sale under that decree by a referee, on May 8, 1888. Higgins & Lester were purchasers at such sale of several lots, and paid to the referee 10 per cent. of the purchase price and the auctioneer's fees. Subsequently they declined to complete the purchase of some of these lots, upon the ground that the title was defective. It appears by the papers that the mortgage covered a large amount of property besides the lots purchased by Higgins & Lester, and that the amount realized upon the sale was largely in excess of the amount necessary to satisfy the claims of the plaintiff, and, perhaps for that reason, no steps were ever taken to compel Higgins & Lester to complete their purchases. The money paid on account remained in the hands of the referee, and on January 5, 1891, Higgins & Lester, through their attorney, served notice of a motion to be relieved from their purchase, and to receive back the money paid by them to the referee. This motion was heard at special term, and denied, and an order was thereupon entered denying such motion, and requiring Higgins & Lester to complete their purchases, and from that order this appeal is taken. We do not think it is necessary for the disposition of this appeal to determine whether the referee can give the purchaser a good and merchantable title, for we are of the opinion that all the purchaser is entitled to is a deed which will convey to him all the right, title, and interest in the premises which the mortgagor had at the time when the mortgage was given. The mortgage which was foreclosed in this action describes a large tract of land, lying between Eighth and Ninth avenues, in the city of New York, by metes and bounds, (one of which was the Harlem creek,) which do not include the premises in question. After the description of said tract of land is added the following: "Together with all the right, title, and interest of the said parties of the first part of, in, and to the land in said creek lying in front of and adjoining said premises, to the middle line of said creek." The judgment of foreclosure follows the exact language of the mortgage itself; and the terms of sale prepared by the referee, and which were read aloud by the auctioneer at the time of the sale, and before the bidding began, contained the same description which covers the premises in question. Under these circumstances, we think that Higgins & Lester must have known, or at any rate are chargeable with notice of the fact, that when they bid for the premises in question all that they were to get was the right, title, and interest of the defendant Bull, by whom the mortgage was executed. The case falls within the rule laid down by the court of appeals in *Riggs* v. *Pursell,* 66 N. Y. 193. There the purchaser at a foreclosure sale sought to be relieved of his purchase. The property sold was leasehold, and a variety of objections were raised to the title. EARL, J., delivering the opinion of the court, said: "This was a sale of premises held under a lease, and the lease was referred to in the notice of sale, and hence the purchasers are chargeable with knowledge of the contents thereof. They are supposed to have examined the lease, and made their bid in view of its provisions; and they are also chargeable with knowledge of what was apparent and obvious upon the premises."

We cannot say upon the papers before us that the purchasers knew that the premises were made land, although the filling in of such premises by the public authorities, for sanitary reasons, was a matter of such notoriety that it is difficult to believe that the bidders were not cognizant of the fact. However this may be, the mortgage and the judgment, both of which were matters of record, accessible to them or their attorney, plainly showed that, when the mortgage was given, in 1869, the premises were under water; and that all that was to be sold, so far as these premises were concerned, was the right, title, and interest of the defendant Bull, who had purchased the premises from the plaintiff and given back a purchase-money mortgage, which was the one foreclosed. The notice as to what was to be sold, con-

tained in the mortgage and judgment, was distinctly repeated in the terms of sale, which were read aloud by the auctioneer before the bidding began.   Higgins & Lester, therefore, knew, or ought to have known, what they were buying, and, if they did not have such knowledge when they bid, they were guilty of the grossest negligence, and we do not think that the court should relieve them from their purchase.   Upon the facts before us, we do not think that Higgins & Lester can justly complain because they are required to complete their purchase.   It appears that they waited for nearly three years before making the present motion, and that, in the mean time, assessments for filling in the sunken lands in question have been laid by the city authorities, and it is possible that this fact may partly account for the present motion.   But whether or not the case is one of hardship, we cannot relieve the purchasers in this case without establishing a most mischievous precedent, under which every purchaser at a judicial sale, made under circumstances similar to those now presented, who may finally conclude that he had made a bad bargain, must be released from his bid, if he comes into court and claims that he supposed he was buying a good and merchantable title.   The order appealed from should be affirmed, with costs.   All concur.