(21 App. Div. 134.)

## MEAD v. MARTENS.

(Supreme Court, Appellate Division, Second Department.    October 5, 1897.)

1. SALE OF REALTY—INCUMBRANCES.

In a vendor's action for specific performance, it appeared that the contract called for a conveyance subject to a certain restriction against building within 30 feet of the street, etc.; that that restriction originated in deeds by which a tract of land, including that in question, had been sold off in lots to plaintiff and to others; and that it applied to the other lots as well as plaintiff's. *Held*, that the fact that owners of other lots had violated the restrictions constituted no incumbrance on plaintiff's lots, and created no defect in his title.

2. SPECIFIC PERFORMANCE—CONDITIONS.

The sound discretion vested in the court in respect to specific performance warrants it, where performance is decreed, in providing for the due protection of the defendant by compelling plaintiff to pay for certain repairs on the premises according to the contract.

Appeal from special term, Westchester county.

Action by Henrietta F. Mead against William H. Martens. Judgment for plaintiff, and defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Arthur M. Johnson, for appellant.

J. Mortimer Bell, for respondent.

HATCH, J.    This is an action brought to compel the specific performance of a contract entered into by the parties hereto for the exchange of real property.    So far as important to the disposition of the questions raised by this appeal, the contract provided that the property of the plaintiff should be improved in certain specified particulars before conveyance was made.    The particular wherein it is claimed by the appellant that there was a breach of the contract in this respect consisted of the failure upon the part of the plaintiff to pay the contractor the sum of $253 for changing the heating apparatus in the house from hot air to steam. the contract providing for such payment by the plaintiff.    The contract also provided that the conveyance of the premises was made subject to the "Chester Hill restrictions."    The property of the plaintiff was a part of a certain tract of land known as "Chester Hill."    It had been cut up into lots suitable for the erection of dwellings thereon, and sold subject to certain restrictions, among which was a clause that no building should be constructed upon the premises, "including any piazza or stoop belonging thereto, within thirty feet of the avenue or street line of said lot."    It appeared that several owners of lots upon said tract had erected buildings thereon in violation of such restriction, and defendant claims to be relieved from his contract on account thereof. The contention put forth by him is that the violation of the restric-

tion by other owners constitutes a defect in the title of the premises as they were contracted to be conveyed. The argument in support of this claim proceeds upon the theory that the plaintiff's premises have an equitable easement in the lots'of the other owners, which confers a right of enforcement of the restrictions, and that the defendant is entitled to have the restrictions enforced, not only upon the land conveyed, but upon the adjoining lots. It appears that the defendant was familiar with the Chester Hill restrictions, and knew their nature and extent. It is not averred in the answer, nor was any claim made upon the trial, that plaintiff's lot was lessened in value by the violation of the restrictions, or that defendant did or could suffer any damages therefrom. It is not every defect in a title which will relieve a purchaser from perfecting his purchase. The defect must be of a substantial character, from which the purchaser suffers, or may suffer, some injury. He is entitled to the substantial benefit of his contract, and to receive unimpaired what he is entitled to take thereby. But of immaterial defects, from which he suffers no injury, and which do not diminish, in quantity, quality, or value, the thing contracted for, he can make no legal complaint. Riggs v. Pursell, 66 N. Y. 193. In the present case the defendant makes no claim to damage in any respect, beyond the fact that the violation of the restriction by others is substantial, and therefore damage may be inferred. This claim is not tenable. The restriction created an incumbrance upon the plaintiff's property, but the contract provided for that, and the conveyance was subject thereto. The violation of the restrictive covenant by others subject to the same restriction did not have the effect of creating an incumbrance upon the plaintiff's property, nor does it constitute a defect in the title. It is not among any of the incumbrances known to the law. 3 Washb. Real Prop. (5th Ed.) p. 491 et seq. Restrictions upon land may be created by covenant, and in some cases by oral agreement. Owners of adjoining lands may acquire such an interest by reason of reciprocal arrangements as will give them an easement therein, and constitute the same an incumbrance upon the land. Trustees v. Lynch, 70 N. Y. 440. But this right is made to depend upon the agreement of the parties, and there is always found present some legal relation, as privity of contract or estate. We are cited to no case, and can find no reason for holding, that the mere restriction of the use of one's own property to a particular purpose or in a particular manner can create an incumbrance upon the same land, on account of the violation by an adjoining owner whose land is subject to the same restriction, in the absence of a relation creating a privity of contract or estate, or other legal relation creating some interest therein. The logical result of such a holding would be to say that, if one owned land subject to a general restrictive covenant common to a large number of adjoining owners, a breach by one owner of the covenant would create an incumbrance upon all of the land of the adjoining owners. It is the first time that we have met with the assertion that a wrongful act of one owner creates an incumbrance upon the land of his neighbor. This view is opposed to the general theory upon which restrictive covenants, such as in this case, are made. They are pre-

sumed to be beneficial to the enjoyment of the property, by devoting its use to a specific purpose, which its location renders desirable, with a consequent enhancement in value. It may be that the presumption will fail, but it has never been supposed that such covenant was possessed of other effect than to restrict the use of the land in the manner prescribed, and give the legal right to insist upon its observance by all others whose lands are subject thereto. It would be a startling innovation on the effect of such a covenant to hold that its breach by wrongful act could work the result of incumbering all the other land. We find no ground upon which to support such a contention. The plaintiff offered to pay the contractor for changing the heaters, if the defendant would execute the contract. But the defendant refused to carry out the contract, whether this sum was paid or not; and it is quite evident from all the testimony that he proposed to avoid the contract, and not fulfill its terms. There does not appear to be any equity in the defendant's position. He made a fair contract, and now seeks to avoid it by the interposition of unsubstantial excuses of matters of which he undoubtedly had notice when he made the agreement. It is quite probable that the plaintiff would have paid the sum required if the defendant would, upon payment, have fulfilled upon his part. However this may be, the judgment protects the defendant in this respect, and requires payment as a condition of the conveyance, so he cannot suffer, and the discretionary power of the court in this regard was well exercised. Bennet v. Bennet, 10 App. Div. 550, 42 N. Y. Supp. 435.

The judgment is right, and should be affirmed, with costs. All concur.