SOROSIS BUILDING CORPORATION, Plaintiff, *v.* PROLAY REALTY CORPORATION, Defendant.

Supreme Court, Bronx County, December 23, 1929.

*Spiro, Joachim & May,* for the plaintiff.

*Siegmeister & Rayfiel,* for the defendant.

GLENNON, J.   Motion is denied.   The contract of sale provided that "this sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, open or proposed, in front of or adjoining said premises to the central line thereof, and all right, title and interest of the seller in and to any award made.   *   *   *"   The purchaser is not within his rights in rejecting title because of the existence of the easement set forth in paragraph 18 of the complaint.   The purchaser received only the right, title and interest of the seller to the land lying in the bed of the street, and, clearly, it was not the intention of the parties that absolute title in fee was to be conveyed.   The streets and avenues in front of the property covered by the contracts are subject to private easements in favor of abutting and adjoining property owners.   In view of this, it is unquestionable that in any proceeding by the city to open the streets only a nominal award of one dollar a front foot can be given.   The existence of the easement complained of, therefore, cannot be used as a basis for rejecting title.

The present action is one in equity and not at law, and I regard the easement as of little importance.   The case of *Fossume* v. *Requa* (218 N. Y. 339), relied upon by plaintiff, is distinguishable from the case at bar.   In the first place the easement under consideration in that case granted the right to construct and maintain " over the farm " a line of telephone and telegraph poles and wires. The court in its opinion made a point of the fact that plaintiffs might have intended to lay out the farm in a high-class residence district, and in such event the easement would be a very objectionable incumbrance.   In the second place, the action in the *Fossume* case was one at law.   Here it is in equity, in which the general rule is that rescission will not be permitted for a slight or casual breach of contracts, but only for such as are so substantial and fundamental as to defeat the objects of the parties making the agreement.