SOROSIS BUILDING CORPORATION, Respondent, *v.* PROLAY REALTY CORPORATION, Appellant.

First Department, November 21, 1930.

*Isaac Siegmeister* of counsel [*Siegmeister & Rayfiel*, attorneys], for the appellant.

*Jacob S. Spiro* of counsel [*Charles S. Scholnicoff* with him on the brief], for the respondent.

McAvoy, J.   Plaintiff sought to recover $2.500 paid by it to the defendant as a deposit on a contract for the purchase of real property, plus $500 as alleged expenses for the examination of the title, and plaintiff also prayed that a vendee's lien therefor be declared in its favor.

The answer admits the payment of $2,500; alleges the tendering of a deed, the rejection by the plaintiff and demands specific performance.

Under the contract the defendant agreed to convey by full covenant and warranty deed the fee simple of the premises free from all incumbrances except as therein expressly provided.  There is nothing said in the contract about any rights or easements in the highway adjoining the premises.  An examination of the title disclosed the following reservation in two prior conveyances: " Reserving to the party of the first part (Farmers' Loan and Trust Company), its successors and assigns, rights of way in and over avenues, streets or roads in front of the said premises, with rights to install, maintain and connect sewers, gas, water and electric pipes, conduits *and wires on such avenues*, streets and roads which are not legally opened or vested."

Plaintiff contends that this easement creates an incumbrance which makes the title unmarketable.

Defendant contends that the easement does not affect the marketability of the title, does not constitute a valid objection to the title, and under the terms of the contract the plaintiff was not within its rights in rejecting title because of the existence of the said reservation of an easement.

It is expressly stated in the contract that the seller will convey all his right, title and interest to the center of the street.   Plaintiff is, therefore, entitled to a deed conveying to it the fee of the street abutting the premises to the center line thereof, subject to a public easement.   Electric pipes, conduits and wires on the streets are not like sewers and water mains erected for highway purposes. The rights reserved by the prior deed created an easement which was not a public easement and which constituted an additional servitude upon the fee.   It was reserved by a private person, the Farmers' Loan and Trust Company.   There is nothing to indicate that this reservation of an easement was for highway purposes. Under this easement the land could be used for such purposes as the owner determined.

We think this easement is a defect in the title entitling the plaintiff to recover as damages the amount paid on the contract and the reasonable expenses incurred in an examination of the title to the property.

The order denying defendant's motion for judgment on the pleadings and for judgment on the counterclaim for specific performance should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., and MARTIN, J., concur; FINCH and O'MALLEY, JJ., dissent.

FINCH, J. (dissenting). Since it appears from the pleadings that only an issue of law is in controversy between the parties, the defendant is entitled to judgment upon motion. Any nominal denials are offset by admissions in other parts of the pleadings. The defendant was careful to limit its conveyance of the highway in front of its property so that its contract should cover only " all *right, title and interest of the seller,* of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof; * * * and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance *of such title* * * *." (Italics not in original.) The seller complied with its contract when it tendered a deed conveying only such title as it had, be that little or great, because that was all it contracted to do. Such an undertaking on behalf of the seller made due allowance not only for a public easement of passage and repassage, but also for all other easements and rights which existed in such highway (save only such rights as might be cut off by a failure to record), including, of course, the duly recorded easements to install, maintain and connect sewers, gas, water and electric pipes, conduits and wires.

The order appealed from should be reversed upon the law and the motion of defendant, appellant, for judgment on the pleadings should be granted.

O'MALLEY, J., concurs.

Order affirmed, with ten dollars costs and disbursements.