Dore, J.
We are asked to decide whether a purchaser of shore front property on Lake Mahopac, New York, may refuse to take title and recover his down payment and expenses on *121 the ground that the sellers’ riparian rights were encumbered by restrictions not mentioned by the séllers in the contract of purchase and sale. After trial before the court without a jury, the trial court directed judgment in favor of defendants, the sellers. Plaintiff, prospective purchaser under the contract, appeals.
By the contract of purchase and sale defendants, Lester W. Baxter and Mabel Y. Baxter, as sellers, agreed to sell and convey to plaintiff, as buyer, two contiguous parcels of real estate of specified dimensions with a hotel thereon for $75,000, and plaintiff on signing the contract paid $7,500 on account. The contract described the parcels conveyed as running11 to the shore of Lake Mahopac ” and “ along the shore ” of said lake, and expressly added as to each parcel: “ Togetheb with all the right, title and interest of the seller of, in and to the land under water in Lake Mahopac in front of said parcel.” Under the contract, defendant sellers agreed to convey by warranty deed to plaintiff as purchaser “ the fee simple of the said premises, free of all encumbrances, except as herein stated * * A number of such exceptions were set forth in the contract, but none of them related to any restrictions or easements in the land under water in front of the parcels conveyed.
Before the closing date, plaintiff procured a title examination and abstract indicating that the sellers did not have unencumbered title to the land under water in Lake Mahopac in front of the described premises; but that the premises were subject to easements and rights in favor of the City of New York. As no exceptions or reservations as to such matters had been made by the sellers in the contract of sale, plaintiff refused to accept title.
The undertaking to convey was not as the trial court said in his opinion ‘ ‘ whatever right, title or interest the seller might have ” in the land under water but, as above indicated, “ all the right, title and interest of the seller of, in and to the land under water ”. That was in form an undertaking to convey title (Sorosis Building Corp. v. Prolay Realty Corp., 230 App. Div. 683 [1st Dept., 1930] ), whereas the proof as hereinafter indicated showed the sellers did not have title to the land under water in front of the hotel but such title was in the City of New York by grant from the State of New York which had acquired title to the whole of the area in 1779, under the Attainder Act of October 22, 1779, and laws amendatory thereof, and the riparian rights of the property were restricted by a conveyance to the city bought and paid for in condemnation proceedings.
*122 Lake Mahopac is part of the New York City water supply system, the city having acquired right thereto by grants from the State of New York in 1879 under an enabling act passed in 1877 (L. 1877, ch. 445). The act (§16) defined inter alia the real estate conveyed as including “all * * * lands under water ”. Pursuant to the terms of the act, condemnation proceedings were instituted; the real estate here involved was included therein; the then owner Annie Carpenter was party to the proceeding and was awarded $1,050 in full satisfaction of all damage claims, accepted the award, and executed and delivered to the City of New York an agreement creating an easement. The city acquired the right to lower the height of the lake to the extent of three feet, subject, however, to a provision (§ 18) that between March 1st and September 1st the city shall not draw “ any water in excess of the ordinary flow thereof ”. The act (§§ 12, 18) restricted in some respects the city’s rights and also preserved certain existing rights of riparian owners; e.g., to go to the water at any point to which it may be drawn down and to use the waters.. But in the contract herein no mention or exception whatever was made with respect to any such easements, rights or 'restrictions; plaintiff was unaware of them at the time of making the contract; and under the contract terms in the light of the proof we think plaintiff had the right to reject title.
There is no merit to the sellers’ argument that the rights in favor of the city constitute no encumbrance on the claimed ground that they were imposed in the exercise of police power by the Public Health Law. The police power is usually exerted to regulate an owner’s use of property for the public welfare (e.g., by zoning laws, building codes, fire prevention regulations, etc.) without compensation other than sharing the resulting general benefits (29 0. J. S., Eminent Domain, § 6, p. 784; Matter of Cheesebrough, 78 N. Y. 232, 237). The easements or restrictions here in question were acquired by purchase in condemnation proceedings.
Riggs v. Pursell (66 N. Y. 193) relied on by defendants, relates to the rule applicable in judicial sales (cf. Bull v. Burton, 227 N. Y. 101, 111). In any event there is no showing in this record that this plaintiff, purchaser, made a bad bargain and is attempting to abrogate the contract through wholly immaterial objections. A purchaser is entitled “ to the substantial benefit of his contract, and to receive unimpaired what he is entitled to take thereby ” (Mead v. Martens, 21 App. Div. 134,136, affd. *123 162 N. Y. 626). On this record we think we may not say the defects complained of are so immaterial as not to diminish in quantity or quality the thing contracted to be sold without any such diminution having been provided for under the terms of the contract of purchase and sale.
Defendants had counterclaimed for specific performance but withdrew that claim at trial. At trial, also, the action was discontinued against defendant Dickinson, and the down payment of $7,500 was placed in the hands of the attorneys to the parties as escrowees. The amount of the down payment of $7,500 is admitted; the proof established that plaintiff incurred a reasonable counsel fee of $500, reasonable expenditures of $75 for survey and $75 for title search and abstract. Accordingly, plaintiff should have judgment in the total sum of $8,150 with interest and costs but solely against defendants Lester W. Baxter and Mabel Y. Baxter as sellers.
The judgment appealed from in defendants’ favor should be reversed, with costs and judgment granted in plaintiff’s favor in the sum of $8,150, with interest and costs against defendants Lester W. Baxter and Mabel Y. Baxter.
Glennon, J. P., Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed, with costs and judgment granted in plaintiff’s favor in the sum of $8,150, with interest and costs against the defendants Lester W. Baxter and Mabel Y. Baxter. Settle order on notice.