JOYCE D. MAERLENDER, Appellant, v. NORMAN BARASCH, Respondent. (Action No. 1.) NORMAN BARASCH, Respondent, v. JOYCE D. MAERLENDER, Appellant. (Action No. 2.) —

In Action No. 2, the order is modified on the law by striking therefrom all matter following the words, " Ordered that the defendant's motion for leave to renew is granted," and substituting in place thereof a paragraph providing that respondent's motion is denied. As thus modified, the orders are affirmed, with one bill of $10 costs and disbursements to appellant, and the actions are remitted to Special Term to add additional provisions in the orders not inconsistent herewith. The appellant agreed to sell and the respondent agreed to buy certain real property situated in the County of Queens. The premises were described in the contract by lot numbers on a filed map and by metes and bounds along the side of a highway. Accordingly the highway is excluded from the description of the property agreed to be conveyed, except as to such interest that the seller may have therein. The contract provided, however, that the " sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the centre line thereof." On the date set for closing, the purchaser rejected title, maintaining that the title tendered by the seller was unmarketable. Each of the parties thereupon commenced separate actions — the purchaser to recover his deposit and expenses and the seller for specific performance. After issue was joined in the actions both parties moved for summary judgment, as prayed for in their respective complaints. At Special Term the seller's motion was denied and the purchaser's motion was granted. From the respective orders entered thereon the seller appeals. The seller's title has been held to be unmarketable by reason of what has been referred to in the action as the " gas agreement," which is an agreement made by the original owner of all the property shown on the filed map, of which the property contracted to be sold is a part. The agreement in effect gives the gas company rights to lay, maintain and operate gas mains, pipes and fixtures through, along, under and over the streets, roads and avenues as established, or as they may be thereafter laid out. It imposes possible charges on the property owner for relocating gas mains and the like; and the agreement is binding on the property owner's successors and assigns. It has been held that this gas agreement renders the title unmarketable, in that it is an easement with which the land contracted to be sold is burdened. With this conclusion we do not agree. The contract provides for the conveying of the subject real property described by lot numbers and metes and bounds, together with the seller's right, title and interest in and to the abutting street. We do not interpret these provisions as meaning that the seller has fee title to the street or has undertaken to convey the fee thereof. The words, " right, title and interest," as used in conveyances, have acquired a definite meaning, not importing ownership but conveying whatever title the grantor has, and that alone. The grant is of all the right, title, and interest in the land, and not of the land itself, nor of any particular estate in the land. (*Monogram Development Co.* v. *Natben Constr. Co.*, 253 N. Y. 320; *Mott* v. *Mott,* 68 N. Y. 246; *Van Rensselaer* v. *Bull,* 62 Hun 622, opinion in 17 N. Y. S. 117, affd. 133 N. Y. 625; *Baker* v. *Davie,* 211 Mass. 429; *Coe* v. *Persons Unknown,* 43 Me. 432, 436.) *Sorosis Bldg. Corp.* v. *Prolay Realty Corp.* (230 App. Div. 683), which holds to the contrary, is not followed. The subject property, therefore, is not burdened by reason of the gas agreement with an easement that incumbers the

property and makes the seller's title unmarketable. Nor is the owner of the subject property liable for the charges referred to in the gas agreement. The other objections to title, based on the existing mortgages and the encroaching driveway, are insubstantial under the circumstances and can be satisfied with due co-operation. Carswell, Johnston, Adel and Schmidt, JJ., concur; Nolan, P. J., dissents and votes to reverse the order in Action No. 1, insofar as it grants summary judgment, and to reverse the order in Action No. 2, which grants summary judgment, and to deny the motions for summary judgment in both actions, with the following memorandum: Summary judgment should not have been granted. Issues of fact are presented which may be decided only after a trial. If we assume that the clause in the contract, which provided that the sale covered all right, title and interest of the seller in and to the land lying in the bed of the highway adjoining the premises proposed to be sold, did not require the seller to convey fee title to such land, it did, nevertheless, require her to convey whatever title she had, and to convey fee title if she had it. If she had such title, the contract of sale required her to convey it free of all incumbrances, except as therein stated. Concededly, however, if she conveyed title to the land lying in the highway, the title so conveyed would have been subject to the easement described in the so-called gas agreement and burdened with a covenant in connection therewith, under which the purchaser might become liable for his proportionate share of the expense of the relocation of the gas company's pipes and fixtures. Although the record does not disclose what the seller's interest was, in the absence of evidence to the contrary she is presumed to be the owner of the land lying in the highway, to the center line thereof. (*Van Winkle* v. *Van Winkle*, 184 N. Y. 193.) Since that presumption has not been rebutted, we must assume, from the record presented, that she owned the land in the highway, that she agreed to convey it, and that her title thereto is unmarketable. If it be assumed, however, that her title is marketable, there are, nevertheless, other issues which require a trial. The complaint proceeds on the theory that a proper tender was made by the seller on the occasion of the meeting of the parties for the purpose of closing title and that the seller is ready and willing to perform. The record does not disclose that she was ready to perform at the time of the alleged tender, or is now ready, and does disclose that other objections to title were made at the closing meeting which were not, at least at that time, satisfied.