▇ In the Matter of ONOFRIO CIVITANO et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Order and judgment (one paper) and order, entered on March 23, 1970, dismissing the petition in this article 78 proceeding on the ground that there is an alternative remedy available to petitioners, affirmed, with $50 costs and disbursements to the respondents. Petitioners, who received $144,614 for permanent grade easement "145", which was valued by the condemnation court as though a "full fee" taking was involved (*Matter of City of New York* [*Bruckner Blvd.*], 58 Misc 2d 873, 877), and who are still free to use Bolton Avenue as a means of access, must apply first to the Board of Estimate for extinguishment of the permanent grade easement acquired by the city (or seek any other administrative relief available to them) before seeking relief pursuant to CPLR article 78. Concur — Capozzoli, J. P., McGivern and McNally, JJ.; Nunez, J., dissents in the following memorandum: The City of New York in June, 1966 acquired, by condemnation, a permanent grading easement from petitioners and other abutting property owners to provide lateral support for the service road of the Bruckner Expressway. The highway construction necessitated raising the existing grade approximately 15 feet. After the Expressway and the service road were built, the State installed five-foot sidewalks abutting the easement area. Metal barriers were erected between the walks and the embankment to protect pedestrians. On August 25, 1967 petitioners leased the northerly portion of their property fronting on Bruckner Boulevard to the Shell Oil Company for the construction and maintenance of an automobile service station. The plans for the construction of the service station thereafter filed and approved, required the petitioners to grade the affected area to the new level of the service road of Bruckner Boulevard, necessitating the construction of expensive con-

crete retaining walls and the supply of fill to achieve the grade. Curb cuts were made and all utilities brought in from the street, all pursuant to properly issued permits by the city. When the service station had been approximately 90% completed an application was made for the issuance of the permit for the pouring of cement for the sidewalk and driveways. Petitioners also requested the removal of the metal barriers which had been erected to protect pedestrians. The city refused to remove or permit the removal of the metal barriers and refused to issue the requested permits. It demanded instead that petitioners apply for the extinguishment of the permanent grade easement before it would issue the permits and remove the metal barriers. Petitioners moved at Special Term for a judgment in mandamus to correct the respondents to issue the permits and to remove the metal barriers which bar access to their abutting land. Respondents cross-moved to dismiss the petition on the ground that there is an alternative remedy available to petitioners, to wit, that petitioners apply for the extinguishment of the permanent grade easement upon such terms as may be fixed by the Mayor of the City of New York. Special Term granted the cross motion and dismissed the petition. In respondents' cross motion they infer that the award made in the condemnation proceeding for the easement is excessive. Petitioners argue that the city is improperly using this means to effectuate a reduction of the condemnation award which was duly paid without any appeal. The right of an abutting owner of a parcel of real estate on a ctiy street to ingress and egress is basic. (*People* v. *Propp*, 172 Misc. 314; *St. Peter's Italian Church Syracuse* v. *State of New York*, 261 App. Div. 96; *Jacobsen* v. *Incorporated Village of Russell Gardens*, 201 N. Y. S. 2d 183; *Matter of City of New York* [*East 5th St.*], 1 Misc 2d 977; *Sororis Bldg. Corp.* v. *Prolay Realty Corp.*, 136 Misc. 890, affd. 230 App. Div. 683.) There is no current need for the metal barriers which petitioners seek to remove. The 15-foot drop has been eliminated by raising the grade of the land and making it even with the grade of the new sidewalk. The city's refusal to remove them is arbitrary and unreasonable and constitutes an abuse of discretion within the provisions of CPLR 7803. Ordinarily the issuance of a building permit is purely an administrative act. The granting or withholding thereof is not a matter of arbitrary discretion. If the applicant complies with the requirements of the building zone ordinances or building code of the municipality, he is entitled to his permit as a matter of right. (*Matter of Beckmann* v. *Talbot*, 278 N. Y. 146, 153; *Matter of Carpenter* v. *Grab*, 257 App. Div. 860; *People ex rel. Corn Hill Realty Co.* v. *Stroebel*, 209 N. Y. 434; *Matter of Kunz*, 128 N. Y. S. 2d 680; 9 McQuillan, Municipal Corporations [3d ed.], § 26.206, and cases cited.) Respondents do not allege that petitioners failed to comply with any rules or regulations or that the proposed service station is illegal. There is no authority for respondents' insistence that petitioners apply for an extinguishment of the permanent grade easement before they will grant the permit. The imposition of such a condition is arbitrary and capricious as a matter of law. (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330.) The city's claim that petitioners would be beneficiaries of a windfall is unsupportable by this record. Petitioners will have to spend considerable additional sums in raising the grade for the remainder of their land and in completing the erection of the proposed service station. Petitioners, acting pursuant to permits issued by the city with full knowledge of all the facts, have spent large sums of money in the almost completed erection of the service station. The city's position is manifestly unfair and indefensible. It will lose nothing and it will collect higher taxes from the resulting increased value of this now vacant land by permitting the completion of the service station.